THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. DOMINGO SANTIAGO RIVERA, Defendant and Appellant.

No. 11722.   Argued March 13, 1947.—Decided March 24, 1947.

Celestino Iriarte, F. Fernández Cuyar, H. González Blanes, E. Báez García, and Juan Pedroza, Jr., for appellant. Luis Negrón Fernández, Acting Attorney General, and Joaquín Correa Suárez, Assistant Prosecuting Attorney, for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is an appeal from a judgment convicting the defendant of the offense of abandonment of children. Appellant urges, in his only assignment of error, that the evidence presented is insufficient to support a conviction. Let us examine the evidence.

That for the prosecution consisted in the testimony of the minor's mother, Aurea Esther Torres, and of Ramón Torres Ortíz, Angela Rivera, and Ismael Ortíz.

Aurea Esther Torres testified that she is unmarried and has a son named Domingo Alexis Torres; that she met the defendant Domingo Santiago Rivera prior to the elections of 1944, but that it was at that time that he became friendly with her, that they were friends and then he became interested in her; that he made love to her for three months and that she accepted him; that she lived with one of her sisters in the country and later with another sister in the town of San Germán; that the defendant lived with her, not as a. friend but interested in her and that from this interest the child was born; that the defendant is the father of the boy but does not give her any allowance for his maintenance, clothing, etc., except ten dollars that he sent her with her father when the child was born; that she lived with the defendant in the house of her brother-in-law, Juan María Ruberté, and in the house of another brother-in-law in San Germán; she identified defendant's picture which he had sent her on November, 1944. On cross-examination, she stated that she had lived with defendant in the home of her two sisters, in the country and in town; that she was a virgin until 1945 when, while living in the house of her brother-in-law Ruberté, defendant seduced her in the porch and then continued to live with her for three months; that then she went to town; that her sister and husband knew that she lived with defendant.

The other witnesses for the prosecution tended to corroborate the prosecutrix' testimony only as to the fact that she lived with her two sisters and that the defendant visited and went out with her and also that defendant sent her ten dollars when she was in the hospital and that prior to the child's birth he had given her money for her preparations. None of these witnesses, however, testified that defendant lived in

concubinage with the prosecutrix. There is no showing in the evidence as to the date when the child was born.

The evidence for the defense tended to show that the prosecutrix went out with different men and often visited a small café in San Germán and defendant denied having ever had sexual intercourse with her or that he had ever given her money.

Appellant argues that according to our ruling in *People v. Rotger,* 55 P.R.R. 133, confirmed in *People v. Cáceres,* 65 P.R.R. 344, the evidence in this case is insufficient. He is correct.

In *People v. Rotger, supra,* we held that:

"Since it does not appear from the evidence that at the time the child was conceived the accused live in concubinage with the complainant nor that he had had sexual contact with her within any determined date within the period of gestation, we must agree with the prosecuting attorney of this Court that the evidence does not show beyond a reasonable doubt that the appellant is the father of the child. The testimony of the complainant is perfectly compatible with the existence of sexual relations initiated after the conception of the child."

In the case at bar, the evidence for the prosecution believed by the trial court at most tended to show that the defendant had sexual intercourse with the prosecutrix during three months beginning in January, 1945. This evidence does not reveal that the minor was defendant's child, inasmuch as the date when the child was born not having been proved it cannot be determined that within the period of gestation the prosecutrix had sexual intercourse with the defendant. The complaint does not reveal the date either. The fact that it appears in the requirement made to defendant in the municipal court in the preliminary proceedings established by law, in the absence of any proof in the trial of this case in the lower court, is not sufficient to establish the essential fact of the date.

The judgment appealed from must be reversed and the defendant discharged.